RAYMOND SICKRA *vs.* JOSEPHINE W. SMALL, and another.

York. Opinion May 4, 1895.

*Libel. Evidence. Damages. Reputation. Suspicion.*

In an action of libel or slander the defendant may introduce evidence, in mitigation of damages, that the plaintiff's general reputation as a man of moral worth is bad, and may also show that his general reputation is bad with respect to that feature of character specially involved in the defamation published; for a man who is habitually addicted to every vice except the one with which he is charged, is not entitled to as heavy damages as one possessing a fair moral character.

An instruction in such action that, if the plaintiff's conduct was such as to excite the defendant's suspicions, it should be considered in mitigation of damages, is erroneous. The damages in an action of libel or slander are to be measured by the injury caused by the words published and not by the moral culpability of the writer or speaker. It is well settled that evidence of general report that the plaintiff is guilty of the imputed offense is not admissible for the purpose of reducing damages. *A fortiori,* evidence of the defendant's suspicions, however excited, cannot be received for such a purpose.

ON EXCEPTIONS.

This was an action on the case for an alleged libel of the plaintiff, published in a newspaper, in which the jury rendered a verdict for the plaintiff, giving him only nominal damages.

The plaintiff took exceptions to the admission of evidence and instructions to the jury which are stated in the opinion.

*G. F. Haley,* for plaintiff.

*E. J. Cram,* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WHITEHOUSE, J.   This was an action of libel for defamatory matter published in a newspaper representing that the plaintiff and Mrs. Blake had "eloped" and were living together in adultery.

At the trial, evidence was offered by the defendant and admitted by the court subject to the plaintiff's right of exception that the plaintiff's "general character" was bad in the community in which he lived.

I. It was not questioned by the plaintiff that, in actions for libel or slander, the character of the plaintiff may be in issue upon the question of damages ; but it is contended that the inquiry should be restricted to the plaintiff's general reputation in respect to that trait of character involved in the defamatory charge.

While there has been some contrariety of opinion, or at least of expression upon this question, it must now be regarded as settled both upon principle and the great weight of authority that, in this class of cases, the defendant may introduce evidence in mitigation of damages, that the plaintiff's general reputation as a man of moral worth, is bad, and may also show that his general reputation is bad with respect to that feature of character covered by the defamation in question ; and as to the admission of such evidence, it is immaterial whether the defendant has simply pleaded the general issue, or has pleaded a justification as well as the general issue.   *Stone* v. *Varney,* 7 Met. 86 ; *Leonard* v. *Allen,* 11 Cush. 241 ; *Bodwell* v. *Swan,* 3 Pick. 376 ; *Clark* v. *Brown,* 116 Mass. 505 ; *Root* v. *King,* 7 Cow. 613 ; *Lamos* v. *Snell,* 6 N. H. 413 ; *Bridgman* v. *Hopkins,* 34 Vt. 533 ; *Eastland* v. *Caldwell,* 2 Bibb. 21 (4

Am. Dec. 668); *Powers* v. *Cary*, 64 Maine, 1; Odgers on Libel and Slander, 304; Sutherland on Damages, 679; Best on Ev. 256; 1 Whar. Ev. 53; 2 Starkie on Slander, 87; 1 Green. Ev. § 55; 2 *Id.* § 275.

In *Stone* v. *Varney, supra*, the libel imputed to the plaintiff "heartless cruelty toward his child," and it was held competent for the defendant to introduce evidence in mitigation of damages that "the general reputation of the plaintiff in the community, as a man of moral worth," was bad. After a careful examination of the authorities touching the question the court say in the opinion : "This review of the adjudicated cases, and particularly the decisions in this commonwealth, and in the state of New York, seems necessarily to lead to the conclusion that evidence of general bad character is admissible in mitigation of damages. . . . It cannot be just that a man of infamous character should, for the same libelous matter, be entitled to equal damages with the man of unblemished reputation; yet such must be the result unless character be a proper subject of evidence before a jury. Lord Ellenborough in 1 M. & S. 286, says, 'certainly a person of disparaged fame is not entitled to the same measure of damages with one whose character is unblemished, and it is competent to show that by evidence.'"

In *Leonard* v. *Allen, supra*, the plaintiff was charged with maliciously burning a school-house, and it was held that, in the introduction of evidence to impeach the character of the plaintiff in mitigation of damages, the inquiries should relate either to the general character of the plaintiff for integrity and moral worth, or to his reputation in regard to conduct similar in character to the offense with which the defendant had charged him.

In the recent case of *Clark* v. *Brown*, 116 Mass. 505, the plaintiff was charged with larceny. The trial court admitted evidence that the plaintiff's reputation for honesty and integrity was bad, and excluded evidence that his reputation in respect to thieving was bad. But the full court held the exclusion of the latter evidence to be error, and reaffirmed the rule laid down in *Stone* v. *Varney*, and *Leonard* v. *Allen, supra*, that

it was competent for the defendant to prove in mitigation of damages that the plaintiff's general reputation was bad, and that it was also bad in respect to the charges involved in the alleged slander.

In *Lamos* v. *Snell*, 6 N. H. 413, the defendant's right to inquire into the plaintiff's "general character as a virtuous and honest man or otherwise," was brought directly in question; and it was determined that the defendant was "not confined to evidence of character founded upon matters of the same nature as that specified in the charge, but may give in evidence the general bad character of the plaintiff . . . in mitigation of damages; and for this inquiry the plaintiff must stand prepared."

In *Eastland* v. *Caldwell, supra*, the court say in the opinion : " In the estimation of damages the jury must take into consid·· eration the general character of the plaintiff. . . . In this case the defendant's counsel was permitted by the court to inquire into the plaintiff's general character in relation to the facts in issue ; but we are of opinion he ought to have been permitted to inquire into his general moral character without relation to any particular species of immorality ; for a man who is habitual- ly addicted to every vice except the one with which he is charged, is not entitled to as heavy damages as one possessing a fair moral character.   The jury, who possess a large and almost unbounded discretion upon subjects of this kind, could have but very inadequate *data* for the *quantum* of damages, if they are permitted only to know the plaintiff's general character in reltaion to the facts put in issue."

With respect to the form of the inquiry, it is said to be an inflexible rule of law that the only admissible evidence of a man's character, or actual nature and disposition, is his general reputation in the community where he resides.   Chamb. Best on Ev. 256, note.   It would seem, therefore, that in order to avoid eliciting an expression of the. witness' opinion respecting the plaintiff's character, the appropriate form of interrogatory would be an inquiry calling directly for his knowledge of the plaintiff's general reputation in the community either as a man of moral worth, without restriction, or in the particular relation covered by the libel or slander.

II. But the plaintiff also has exceptions to the following instruction in the charge of the presiding justice: "I am requested by the counsel for the defendant to instruct you that if the plaintiff's conduct was such as to excite the defendant's suspicions, it should be considered in mitigation of damages, the plaintiff alleging that he had never been suspected of the crime alleged. I give you that instruction."

This request was doubtless suggested by the note to § 275, 2 Green. Ev. which appears to be based on the old case of *Earl of Leicester* v. *Walter*, 2 Camp. 251. But that case has long ceased to be recognized as authority for anything more than the admission of evidence of the plaintiff's general reputation. A similar intimation is found in *Larned* v. *Buffinton*, 3 Mass. 353, but in *Aldermen* v. *French*, 1 Pick. 18, this *dictum* is declared to be unsupported by any authority. Again in the later case of *Watson* v. *Moore*, 2 Cush. 134, it was held incompetent for the defendant in an action of slander, to prove in mitigation of damages, "circumstances which excited his suspicion, and furnished reasonable cause for belief on his part, that the words spoken were true." The obvious objection to it is that the damages in an action of slander are to be " measured by the injury caused by the words spoken and not by the moral culpability of the speaker." We have seen that the defendant is permitted to prove that the plaintiff's general reputation is bad, because this evidence has a legitimate tendency to show that the injury is small; but the evidence of general report that the plaintiff is guilty of the imputed offense is inadmissible for the purpose of reducing damages. *Powers* v. *Cary*, 64 Maine, *supra*, ; *Mapes* v. *Weeks*, 4 Wend. 659 ; *Stone* v. *Varney*, *supra*. A *fortiori*, evidence of the defendant's suspicions, however excited, cannot be received for such a purpose." *Watson* v. *Moore*, *supra*.

This instruction to the jury must therefore be held erroneous ; and for this reason the entry must be,

*Exceptions sustained.*

HASKELL, J., concurred in the result.